## MAGIE *vs.* STODDARD.

The acceptance of the office of constable of a town, by a person holding at the time the office of justice of the peace, is of itself a surrender of the latter office.

Therefore, where a person holding the office of justice of the peace, is elected during his term of office to that of constable in the same town, which office he accepts, his tenure of the latter office is not invalidated by the statute which provides that " no judge or justice of the peace shall hold the office of sheriff, deputy sheriff or constable."

THIS was an action of book debt originally brought before a justice of the peace for the county of New Haven.

The writ was served by one Charles R. Wheadon as constable of the town of New Haven.

The defendant before the justice pleaded in abatement that the writ was not otherwise served than by Charles R. Wheadon, who undertook to serve the same on the 9th day of December, 1856, as a constable of the town of New Haven, but who, on the first Monday of April, 1856, had been elected by the electors of said town a justice of the peace for two years from the fourth day of July, 1856, and had taken the oath of office of justice of the peace, as by law prescribed, and that therefore he could not by law hold the office of constable of the town of New Haven, at the time when he undertook to serve said writ.

To which the plaintiff replied, that the said Charles R. Wheadon was, on the 27th day of November, 1856, duly elected a constable of the town of New Haven, and on the 2d day of December, 1856, he transmitted to the governor of the state his resignation of said office of justice of the peace, which resignation was by said governor duly received and accepted, and that on the same day he transmitted a like resignation of said office to the secretary of the state, by whom the same was received and lodged on file, and on the same day a like resignation to the town clerk of the town of New Haven, by whom the same was received and lodged on file, and on the same day a like resignation to the county clerk of the county of New Haven, by whom the same was

received and lodged on file, and that subsequently thereto and prior to his service of said writ, he took the oath of office prescribed by law for constables, and therefore was not a justice of the peace on the 9th day of December, 1856.

To this replication the defendant demurred and the justice held the same insufficient and rendered judgment for the defendant to recover his costs. From this judgment the plaintiff appealed to the superior court for the county of New Haven, at its term in December, 1856, at which term the question arising on said demurrer was reserved for the advice of this court.

*Osborn,* in support of the demurrer.

1. If Wheadon was a justice of the peace at the time he undertook to serve the writ in this case, he was prohibited by statute from holding the office of constable, and of course could exercise none of the duties of that office. The statute provides, that " no judge or justice of the peace shall hold the office of sheriff, deputy sheriff or constable." Rev. Stat., tit. 5, sec. 77.

2. He had not resigned his office of justice of the peace. Having been elected a justice by the electors of the town, he could resign the office only to the body electing him, in whose power alone it was to accept his resignation, and provide for the vacancy. And the resignation should have been made to the electors at an electors meeting.

3. The statute referred to does not conflict with the constitution of the state. An elector, notwithstanding the statute, continues to be eligible to both the offices of justice and constable. If elected to both he must abandon the exercise of one or the other. The option is with him.

*C. R. Ingersoll,* contra.

1. Wheadon's acceptance of the office of constable was, *ipso facto,* a surrender of the office of justice of the peace. " If two offices can not be held by the same person, at the same time, the acceptance of the latter office vacates the former." *Milward* v. *Thatcher,* 2 T. R., 81.

2. His office of justice of the peace was vacated by his resignation. Although the statutes do not specifically provide a mode in which the resignation of that or any other judicial office shall be made, they still contemplate, and provide for, the contingency of a resignation. See Stat. Comp., 1854, p. 300. Sess. Stat., 1856, p. 80.

3. Notice of the resignation was given to the proper authority.

4. The statute in question prohibiting a justice of the peace from holding the office of constable, is in violation of the constitution of the state, which declares that "every elector shall be eligible to any office in this state, except in cases provided for in the constitution." Cons. Art. VI., sec. 4. *United States* v. *Wright*, 1 McLean R., 509. *People* v. *Carrique*, 2 Hill, 93. *Van Orsdall* v. *Hazard*, 3 ib., 243. *Page* v. *Hardin*, 8 B. Monr., 648. *State Bank* v. *Curran*, 5 Eng. (Ark.,) 142.

HINMAN, J. The defendant in this case pleads in abatement, that the officer who undertook to serve the writ as a constable of New Haven, had, a few months previous to his election as such constable, been duly elected and qualified as a justice of the peace, and on this ground it is claimed that he could not by law hold the office of constable, and therefore his attempted service of the writ is no service, and the same should abate and be dismissed. The replication sets up the attempts of the officer to resign his office of justice of the peace, in various ways, before he was qualified as a constable. But it is hardly necessary to discuss the question whether he really succeeded in divesting himself of his judicial functions, in any of the modes in which he attempted to do so; or whether he had a constitutional right to hold the office of constable, even if he was unsuccessful in attempting to resign; because, assuming that the statute which provides that no judge or justice of the peace, shall hold the office of sheriff or constable, is a valid act under the constitution, or that the two offices are so incompatible that the same person can not at the same time hold both of them, which amounts

to about the same thing, we still think that the acceptance of the office of constable would of itself be a surrender of the office of justice of the peace.

In the case of *Milward* v. *Thatcher*, 2 T. R., 81, it was held that accepting the office of town clerk vacated the office of jurat of the corporation of Hastings, although the office of clerk was inferior to that of jurat, the jurats sitting as judges in a court of record.

This decision, which appears to us to be founded upon correct principles, is sufficient to dispose of the case.   We omit therefore to discuss the question whether the service would not be good on the ground that the officer was a constable *de facto*, whose acts are good as between third persons, although he might himself be disqualified from holding the office.   We advise the superior court to render judgment for the plaintiff.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

Judgment for plaintiff advised.