# Richmond.

## SHELL, JUDGE, v. COUSINS AND ALS.

### March 29th, 1883.

### Absent, *Hinton, J.**

1. *Constitution—Sheriffs—Incompatible offices.*—Article seven, section six, provides that, "sheriffs shall hold no other office." Therefore *any* other office is incompatible with that of sheriff.

2. SHERIFFS—*Second office—Amotion—Vacancy.*—The sheriff's acceptance of a second office actually vacates the sheriffalty. And no judgment of amotion is necessary where an office has been forfeited by removal or by the acceptance of an incompatible office. When the office of sheriff is thus made vacant, it becomes the duty of the county court judge to fill the vacancy in the mode prescribed by law.

3. IDEM—*Idem—Resignation.*—Sheriff's resignation of the second office, after by its acceptance he has vacated the first, cannot restore him, nor otherwise affect the first.

4. CIRCUIT COURT—*County Judge—Prohibition.*—As the law makes it the duty of the county court judge to fill the vacancy in the sheriffalty, the circuit court has no authority to issue a writ of prohibition to restrain this exercise of his jurisdiction. If he exercises it erroneously, the remedy is by appeal. Prohibition lies only in case of transcending jurisdiction. This court has ever discouraged the employment of a writ of prohibition as a process to correct the errors of inferior tribunals, and thus usurp the functions of the writ of error.

Error to judgment of circuit court of Dinwiddie, rendered April 12th, 1882, on an application for a writ of prohibition, in which Henry Cousins, late sheriff of said county, was plaintiff, and R. C. Shell, judge of the county court of said county, and Albert T. Powell and S. Y. Gilliam were defendants.

---

*He was of counsel in the case.

Cousins, then being sheriff, on November 17th, 1881, accepted the office of sampler of tobacco at Moore's warehouse, in Petersburg. The attention of Judge Shell being called to this fact in open court, he had Cousins summoned to show cause why the judge of the said county court should appoint a sheriff in his place. On February 20th, 1881, the judge appointed said Powell crier, and next day appointed said Gilliam sheriff to fill vacancy occasioned by Cousins accepting the office of sampler. Cousins obtained a writ of prohibition from the circuit court of said county, which, after rule to show cause, and answer of Shell, judge, on April 12th, 1882, adjudged that the orders entered by said judge in the term time of his court, on 20th and 21st days of February, 1882, appointing Powell crier, and Gilliam sheriff, were without warrant of law and accordingly null and void. To that judgment the said judge obtained from one of the judges of this court a writ of error and *supersedeas.* Opinion states remaining facts and proceedings.

*Collier & Budd,* for the appellant.

*G. S. & D. M. Bernard,* and *Jones & McKenney,* for the appellee.

LACY, J., delivered the opinion of the court.

This case is as follows: On the 17th day of November, 1881, Henry Cousins, then sheriff of Dinwiddie county, accepted the office of sampler of tobacco, at Moore's warehouse, in the city of Petersburg. The judge of the county court, the appellant here, having had his attention called to this acceptance of another office by the said sheriff, who had qualified to the same, and given bond, as required by law, declared the office of sheriff vacant, and appointed another qualified person to fill the same on the 21st day of February, 1882, after some preliminary proceedings not material to the questions involved in this case.

Whereupon on the 15th day of March, 1882, Cousins, the sheriff, applied to the circuit court of Dinwiddie for a writ of prohibition, which was awarded. From that order of the circuit court the appellant applied to this court for a writ of error and *supersedeas*, which was awarded on the twenty-third of May, 1882.

The first question raised by the record is, did the said sheriff of Dinwiddie county vacate his office by accepting and qualifying to the said office of sampler of tobacco in the city of Petersburg?

The record shows that the sampler of tobacco was required by the duties of his office to be present in the city of Petersburg the greater part of his time, and it is well contended that the office of sampler of tobacco of the city of Petersburg was an office incompatible with the office of sheriff of the county of Dinwiddie. But the sheriff is an officer of a county established by the constitution itself, and by the seventh article of that instrument, section six, it is provided that "sheriffs shall hold no other office," so that, *any* other office is made incompatible with the office of sheriff by the constitution of the state. It seems to be conceded in this case that the sheriff forfeited one of the two incompatible offices, but while it is claimed by the appellant that the sheriff vacated the first office, to-wit, that of sheriff, it is on the other hand claimed by the appellees that he forfeited the second office, to-wit, that of sampler of tobacco in the city of Petersburg, because, as he held the office of sheriff under the constitution of the state, he was incapable of holding the other office, and so did not hold it, merely attempted to hold it; and this is the second question for this court to decide.

This question is not new, and can scarcely now be said to be an open question.

In *King* v. *Trelawney*, 3 Burrows, 1616, Lord Mansfield said: "It seemed to him very strong that, if two offices were incompatible, the acceptance of the latter would imply a surrender of the former."

In *Millward* v. *Thatcher*, 2 Term Reps. 86, Ashhurst, J., says:

" I think the acceptance of the latter does absolutely and *ipso facto* avoid the former, although the superior office, if they be incompatible ; and if they be incompatible, the election to the latter office is good, because the acceptance of the second vacates the first office, and if two offices be incompatible the acceptance of the latter vacates the former." It is not necessary that there shall be a judgment of amotion when an office has been forfeited by removal, or the acceptance of an incompatible office. The acceptance of an incompatible office actually vacates any other office which the officer may hold. The rule has been stated in broad and unqualified terms that the acceptance of an incompatible office, by whomsoever the appointment or election might be made, absolutely determined the original office, leaving no shadow of title in the possessor, whose successor may be at once elected or appointed, neither *quo warranto* nor amotion being necessary. See Dillon on Municipal Corporations, section 164, and Barnwall & Creswell R. 893; 77 New York, 503; 2 Hill, 93, and Angell & Ames on Corporations, section 434. It does not matter that the party had and could have no legal title to the second office. If the acceptance of an incompatible office, to which the party elected has a good title, operates as a surrender or deprivation of the former office, the acceptance of an office to which he has no title will have the same legal effect. See the case of *Rex* v. *Hughes*, Barnwall & Creswell 893, upon the well-known principle that " a party shall never be permitted to take advantage of his own wrong."

The record shows that the office of sampler of tobacco was actually held, and afterwards, upon the institution of proceedings against him, actually resigned in the most formal way by a letter to the governor, which is in the record. The acceptance of the second office was entirely voluntary on the part of the sheriff; he chose the latter office, and by his own act gave up, in effect, impliedly resigned the first. "There cannot be a stronger instance of having made an option than the accepting

the office and acting under it. I have no doubt but that the intention of the said sheriff was to keep both offices. But if he be mistaken in law, and choose to accept the last office, he must abide the consequences, for it is his own act." See opinion of Butler, J., in *Milward* v. *Thatcher*, 2 Term Reps. 86. Nor does it affect the case that he (the sheriff) resigned the office of sampler on the 3d day of February. It was the acceptance of the incompatible office and holding the same for even so brief a space of time that forfeited the first office, and, as we have seen above, created an actual vacancy in the same, without any proceedings to remove him whatever, by *quo warranto* or otherwise; and if the office was thus vacant, and he absolutely out of it, he could in no manner affect the first office by what he did with the second, since resigning one office could not put a party in an office, nor could it restore him to one he had actually vacated. See *Commonwealth* v. *Sherrard*, 4 Leigh, 643. And if the office of sheriff was vacant, it was the duty of the judge under the law to fill such vacancy in the mode prescribed by law.

The third and last question to be considered is, Did the circuit court have any authority to award the writ of prohibition in this case? Mr. Blackstone says: "A prohibition is a writ issuing properly out of a superior court to an inferior court, commanding them to cease from the prosecution of a suit upon a suggestion that either the cause originally, or some collateral matter arising therein, *does not belong* to that jurisdiction, but to the cognizance of some other court. This writ may issue either to inferior courts of common law, or to a justice or justices of the peace, if they hold plea of any matter above their jurisdiction." See also case of *Miller* v. *Marshall*, 1 Virg. Ca. 158. The subject matter involved herein was plainly and distinctly within the domain of the county court judge by the law. It is made his duty by statute to fill a vacancy in the office of sheriff, and if he erroneously exercised his jurisdiction, appeal to the higher court was the remedy. If he had any jurisdiction in the

subject, a writ of prohibition will not lie to correct errors. It is not necessary to multiply authorities upon a proposition so well settled as this. In the case of *Ellyson, ex parte,* 20 Gratt. 10, Judge Joynes said: "If a county or corporation court has such jurisdiction in any case of a contested election, the petitioners have no right to a writ of prohibition. We cannot enquire whether the corporation court of Richmond had or had not such jurisdiction and authority in the *particular* case. That would be to connect the writ of prohibition, which proceeds upon an excess of jurisdiction, into a writ of error, which proceeds upon an error in the exercise of jurisdiction."

See also *Hogan v. Guigon, Judge,* 29 Grat. 707, where the last named case is cited with approval; *Supervisors of Bedford v. Wingfield, Judge,* 27 Grat. 334, and High on Ex. Rem., section 772; and as has been well said by a learned judge of this court, "this court will always discourage and put its seal of disapprobation upon every attempt to use the writ of prohibition to usurp the functions of a writ of error, and to employ it as a process to correct the error of inferior tribunals, instead of the regular modes by appeals and writs of error."

From these authorities it is clear, that the circuit court erred in awarding the writ of prohibition complained of herein, and its action is reversed and annulled.

The judgment is as follows:

This day came the plaintiff by his counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court of Dinwiddie erred in awarding the writ of prohibition in this case, doth adjudge and order that the judgment of the said circuit court of Dinwiddie be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs in the said circuit court.

Judgment.

And this court, proceeding to enter such judgment as the said circuit court should have entered, doth adjudge and order that the said suit in the said circuit court be dismissed, and that the plaintiff in error recover against the defendant in error his costs expended in the prosecution of his writ of *supersedeas* here, which is ordered to be certified to the said circuit court of the county of Dinwiddie.

JUDGMENT REVERSED.