*STATE EX REL. ROBERT J. SHAUK v. HOMER GARD.

FRED SHEARER v. BRANDON R. MILLIKIN.

OFFICES OF COUNTY SCHOOL EXAMINER AND COUNCILMAN ARE INCOMPATIBLE.

The election to the office of councilman of a person who holds the office of county school examiner and is also a teacher in the schools of the city contravenes the provisions of Sec. 120 of the municipal code (Rev. Stat. 1536-613; Lan. 3098) and is therefore a nullity.

[For other cases in point, see 6 Cyc. Dig., "Office and Officers," §§ 89-103.—Ed.]

[Syllabus by the court.]

QUO WARRANTO.

INJUNCTION.

Shank filed in the circuit court a proceeding in *quo warranto*, setting forth that at the organization of the council of the city of Hamilton, on January 8, 1906, he was elected clerk thereof, and that the defendant, Homer Gard, had usurped the said office and was unlawfully holding it from the possession of the relator. The prayer was for ouster.

The answer denied the election of the relator and the alleged usurpation, and alleged that in May, 1903, the defendant was duly

---

*Affirmed by Supreme Court, without report, *State* v. *Gard*, 51 Bull. 596; 75 O. S. 000.

State v. Gard.

elected clerk of the council for a term of two years and until his successor was elected and qualified, and that on January 8, 1906, the defendant was legally re-elected to said office for the term of two years, and that he gave bond, qualified and is performing the duties of the office.

The reply was substantially a denial of the new matter in the answer.

The determination of the issue thus presented was dependent upon the disputed title to a seat in council. The findings of fact as made by the circuit court were as follows:

That at the November election, 1904, Fred Shearer, an elector of the city of Hamilton, was elected for two years as a member at large of the city council of said city; that prior to and at the time of such election said Fred Shearer held a public office in Butler county, Ohio, to wit, the office of member of the county board of school examiners, and held a public employment in said city of Hamilton, Ohio, to wit, as school teacher in, and principal of, one of the ward schools of said city, and as such officer and employe received compensation in money for his services; that continuously from the time of his election as said member of council and up until the filing of this proceeding he held said public office and said employment.

That said Fred Shearer acted as such member of the city council until December 27, 1905, at which time a regular recessed meeting of council was held, of which meeting said Fred Shearer had full knowledge, and at which meeting the said city council by resolution found and determined that at the time of the election of Fred Shearer as such member of council and continuously thereafter to that time he was said public officer and held such public employment, and that by reason thereof at all of said times he did not possess the qualifications of a member of council provided and required by Sec. 120 of the municipal code of Ohio (Rev. Stat. 1536-613; Lan. 3098), and by said resolution at said time the office of Fred Shearer as member of said city council was declared vacant, and that said Brandon R. Millikin was at said meeting duly elected by said council to fill the office of member of council in place of said Fred Shearer, and thereupon at said meeting of December 27, 1905, said Brandon R. Millikin appeared, took the oath of office and qualified as such member of council, and took possession of said office, and thereafter discharged the duties thereof; and the minutes of said meeting were duly approved at the next subsequent meeting of council.

That said Fred Shearer was not present at said meeting, and while he had knowledge of said meeting, he had no notice of the intended

proceedings held by said city council, declaring him ineligible, and his office vacant, and the appointment of said Brandon R. Millikin.

The court finds that said city council met for organization January 8, 1906,. at which time said Brandon R. Millikin was present as such member of council and that the president of council directed the then clerk, Homer Gard (the defendant), to call the roll of the members of the city council, which was done, and said Brandon Millikin's name was called and he answered to said roll, and thereupon council proceeded to elect a clerk, and the relator and defendant were both nominated for the office of clerk, and thereupon the president of council directed the roll to be called for said election, and said clerk did call said roll, including Brandon R. Millikin, and that four of the members of said council, including Brandon R. Millikin, voted for said defendant, and that three of the members thereof voted for Robert J. Shank, all of which is shown by the minutes of said council, and which minutes were duly approved at the next meeting of said council.

That at said last named meeting Fred Shearer was present, and that after the clerk had called the roll for the election of clerk, one J. P. Wilson, a member of said council, without the direction of anyone, called the name of Fred Shearer, who responded by saying "Shank;" and the court finds that the calling of the name of Shearer by said Wilson does not appear on the minutes of said meeting. Thereupon the defendant was declared elected as such clerk of council, gave bond which was approved and filed, and entered into the possession and discharge of the duties of said office, and has since discharged the duties thereof.

That the relator subsequent to said meeting pretended to give bond as such clerk and demanded of the defendant the said office and books, documents, papers and property appertaining thereto, which said demand said defendant refused.

That said defendant, Fred Shearer, held said office of member of the board of county examiners and said employment as school teacher of the Hamilton special school district at the time of his election, and that at his term of said office and of said employment terminated June, 1905, but that during the month of June, 1905, he was reappointed as a member of the board of county school examiners and re-engaged as a teacher by said school district, and without interval continued upon another term as such member of the board of county school examiners and as such teacher, and has acted as such continuously thereafter until the trial of this case.

The conclusions of law as made by the circuit court, were as follows:

"As conclusions of law the court finds that Fred Shearer, at no

State v. Gard.

time between his election and the hearing of the cause, had the qualifications of a member of council required by law, and that his election and pretended incumbency of the office of councilman were a nullity, and that council had the right to determine this matter without notice to said Fred Shearer or taking any proceedings against him, and that the election of Brandon R. Millikin to fill said vacancy was duly and legally held, and that Homer Gard, the defendant, was legally elected as such clerk, and that the relator was not elected clerk, and is not entitled to any of the relief prayed for. It is therefore considered, adjudged and decreed that the relator's petition be and the same is hereby dismissed, and that defendant recover of relator his costs expended in this action, taxed at $——; to which decision of the court said relator excepts.''

**Andrews, Harlan & Andrews, Shank & Shank** and **Neilan & Neilan,** for plaintiff in error:

''Shearer was at least the *de facto* member of council, and that the proceeding of the city council, adjudging him disqualified, declaring his office vacant and appointing a successor without charges, investigation, notice to Shearer or knowledge on his part, is a mere nullity. *State* v. *Bryce,* 7 Ohio (pt. 2) 82; *Hogan* v. *Carbery,* 6 Dec. Re. 729 (7 Rec. 595); *Board of Aldermen* v. *Darrow,* 13 Col. 460 [22 Pac. Rep. 784; 16 Am. St. Rep. 215]; *Oliver* v. *Jersey City,* 63 N. J. Law 634 [44 Atl. Rep. 709; 48 L. R. A. 412; 76 Am. St. Rep. 228]; *Hallgren* v. *Campbell,* 82 Mich. 255 [46 N. W. Rep. 381; 9 L. R. A. 408; 21 Am. St. Rep. 557]; *State* v. *Hewitt,* 3 S. Dak. 187 [52 N. W. Rep. 875; 16 L. R. A. 413; 44 Am. St. Rep. 788]; *Commonwealth* v. *Slifer,* 25 Pa. St. 23 [64 Am. Dec. 680]; *Jones* v. *State,* 28 Neb. 495 [44 N. W. Rep. 658; 7 L. R. A. 325]; *State* v. *Examining Board,* 32 Minn. 324 [20 N. W. Rep. 238; 50 Am. Rep. 575]; *State* v. *St. Louis,* 90 Mo. 19 [1 S. W. Rep. 757]; *State* v. *Schultz,* 11 Mont. 429 [28 Pac. Rep. 643; *Hartigan* v. *Board of Regents,* 49 W. Va. 14 [38 S. E. Rep. 698]; *Dullam* v. *Willson,* 53 Mich. 392 [19 N. W. Rep. 112; 51 Am. Rep. 128]; *Carter* v. *Durango (City),* 16 Col. 534 [27 Pac. Rep. 1057; 25 Am. St. Rep. 294]; *State* v. *Bryson,* 44 Ohio St. 457 [8 N. E. Rep. 470]; *State* v. *McLain,* 58 Ohio St. 313 [50 N. E. Rep. 907]; *State* v. *Sullivan,* 58 Ohio St. 504 [51 N. E. Rep. 48; 65 Am. St. Rep. 781]; *State* v. *Hawkins,* 44 Ohio St. 98 [5 N. E. Rep. 228]; *Meachem* v. *New Brunswick (City),* 62 Atl. Rep. 303 (N. J.); *Carr* v. *Augusta (City),* 124 Ga. 116 [52 S. E. Rep. 300]; *State* v. *Hoglan,* 64 Ohio St. 532 [60 N. E. Rep. 627]; *State* v. *Bryce,* 7 Ohio (pt. 2) 82; 4 Blackstone's Com. 282; *Murdock* v. *Phillips Academy,* 29 Mass. (12 Pick.) 244; *State* v. *Darby,* 4 Circ. Dec. 124 (12 R. 235); affirmed, *Darby* v. *State,* 52 Ohio St. 611; *State* v.

Butler County.

*O'Brien,* 47 Ohio St. 464 [25 N. E. Rep. 121]; *Board of Aldermen* v. *Darrow,* 13 Col. 460 [22 Pac. Rep. 784; 16 Am. St. Rep. 215].

"In Ohio the doctrine prevails that a member of council, chosen to an incompatible office, or an office forbidden to him, does not lose his membership in the city council, but his election or appointment to the second office is invalid. *State* v. *Kearns,* 47 Ohio St. 566 [25 N. E. Rep. 1027]; *State* v. *Taylor,* 12 Ohio St. 130; *Guernsey Co. (Comrs.)* v. *Cambridge,* 3 Circ. Dec. 669 (7 R. 72); *State* v. *Newark,* 8 Dec. 344 (6 N. P. 523); *State* v. *Brown,* 60 Ohio St. 499 [54 N. E. Rep. 467].

"Shearer was not disqualified under the law from holding at the same time the office of member of city council, member of county board of school examiners, and position of school teacher. *State* v. *Kinney,* 11 Circ. Dec. 261 (20 R. 325), and *State* v. *Brown,* 60 Ohio St. 499 [54 N. E. Rep. 467], were cited to establish the proposition that the public office or public employment forbidden to members of council is office under the municipality or employment by it; and the former construction shall be given to the revision known as the municipal code, in the absence of any clear indication that the legislature intended to change the law in that respect. *Conger* v. *Barker,* 11 Ohio St. 1; *Ash* v. *Ash,* 9 Ohio St. 383; *Williams* v. *State,* 35 Ohio St. 175; *State* v. *Shelby Co. (Comrs.)* 36 Ohio St. 326; *Allen* v. *Russell,* 39 Ohio St. 336; *State* v. *Darke Co. (Aud.)* 43 Ohio St. 311 [1 N. E. Rep. 209]; *State* v. *Stockley,* 45 Ohio St. 304 [13 N. E. Rep. 279]; *Tyler* v. *Winslow,* 15 Ohio St. 364; *Hamilton* v. *Steamboat R. B. Hamilton,* 16 Ohio St. 428; *Brower* v. *Hunt,* 18 Ohio St. 311; *Warren* v. *Davis,* 43 Ohio St. 447 [3 N. E. Rep. 301].

"A section of a revised statute must be confined in its construction as if it were still a part of the original act from which it was taken. *Ebersole* v. *Schiller,* 50 Ohio St. 701 [35 N. E. Rep. 793].

"The letter of a statute is sometimes restrained, sometimes enlarged, and sometimes the construction is contrary to the letter. *Burgett* v. *Burgett,* 11 Ohio St. 469; *Tracy* v. *Card,* 2 Ohio St. 431; *Slater* v. *Cave,* 3 Ohio St. 80; *State* v. *Harmon,* 31 Ohio St. 250; *Brigel* v. *Starbuck,* 34 Ohio St. 280; *Johnson* v. *State,* 42 Ohio St. 207; *Monroe Tp. (Bd. of Ed.)* v. *Board of Ed.* 46 Ohio St. 595 [22 N. E. Rep. 641].

**R. N. Shotts, W. Gard** and **W. C. Shepherd,** for defendant in error:

The question involved was controlled entirely by Secs. 119 and 120 of the municipal code (Rev. Stat. 1536-612 and 1536-613; Lan. 3097, 3098), and there is no room for the application of any common law rules, claiming that the holding of any public office or employment dis-

State v. Gard.

qualifies a person from being elected a member of council, and that after a lawful election as member of such body such holding of office or employment works a forfeiture of the office of councilman forthwith. The election and subsequent incumbency of Shearer were, therefore, a, nullity and no motion or judicial determination was necessary. *State v. Craig,* 69 Ohio St. 236 [69 N. E. Rep. 228]; *State v. Orr,* 61 Ohio St. 384 [56 N. E. Rep. 14]; 23 Am. & Eng. Enc. Law (2 ed.) 338; *State v. Pierce City Aldermen,* 91 Mo. 445 [3 S. W. Rep. 849]; Mechem, Public Offices Sec. 428; *People v. Common Council,* 77 N. Y. 503 [33 Am. Rep. 659]; *Stearns v. Wyoming,* 53 Ohio St. 352 [41 N. E. Rep. 578]; *State .v. Berry,* 47 Ohio St. 232 [24 N. E. Rep. 266]; *State v. Hawkins,* 44 Ohio St. 98 [5 N. E. Rep. 228]; *People v. Mays,* 117 Ill. 257 [7 N. E. Rep. 660].

Delay on the part of council in filling the vacancy occasioned by Shearer's ineligibility is of no importance. Nothing that council or even Shearer could do would dispense with the statutory qualifications. *Corliss, In re,* 11 R. L. 638; *Commonwealth v. Hatter,* 1 Leg. Rec. Rep. (Pa.) 86; *Searcy v. Grow,* 15 Cal. 117; *People v. Clute,* 50 N. Y. 451 [10 Am. Rep. 508].

In opposition to *State v. Kinney,* 11 Circ. Dec. 261 (20 R. 325), the cases of *State v. Kearns,* 47 Ohio St. 566 [25 N. E. Rep. 1027]; *State v. McMillan,* 8 Circ. Dec. 380 (15 R. 163), and *State v. Wagar,* 10 Circ. Dec. 160 (19 R. 149), were cited.

It was further contended that the relator has no standing in court, because in order to prevail he must show that Millikin, who was appointed to fill the Shearer vacancy, had no title to the office of councilman, and relator's action being one to oust Gard, the title of Millikin, who was not a party to the proceeding, could not be collaterally attacked. 4 Current Law 861, Sec. 7; *Strang, Ex Parte,* 21 Ohio St. 610; *Gitsky v. Newton,* 9 Circ. Dec. 682 (17 R. 484), affirmed, *Gitskey v. Newton,* 60 O. S. 605; *State v. Gardner,* 54 Ohio St. 24 [42 N. E. Rep. 999; 31 L. R. A. 660]; *People v. Mays,* 117 Ill. 257 [7 N. E. Rep. 660].

**JELKE, P. J.**

This is not a case involving the expulsion of a member of council, who, being legally qualified has been duly elected and installed in office. Section 121 of the municipal code (Rev. Stat. 1536-614; Lan. 3099) has no application to the case at bar. We are of opinion that at no time between his election and the hearing of this case did Fred Shearer have the qualifications of a member of council provided and required by Sec. 120 of the municipal code (Rev. Stat. 1536-613; Lan. 3098). He held the public office of school examiner and the public employment

Butler County.

of superintendent of one of the Hamilton public schools before the election and continuously during the entire time of his pretended incumbency as member of council, in contravention of the provision:

"Every member of council shall be an elector of the city, shall not hold any other public office or employment, except that of notary public or member of the state militia, and shall not be interested in any contract with the city."

We are of the opinion that the inhibition against persons holding public office or employment is not limited to office in or employment by the municipality, but extends to all public office and employment. This is evidenced by the exception of notaries public and members of the militia.

Having come to this conclusion, the case of *State v. Craig*, 69 Ohio St. 236 [69 N. E. Rep. 228], applies:

"Where the appointment to an office is a nullity, for the reason that the appointee is by statute ineligible to such office, a legal appointment to such office may be made, without first ousting such first appointee by proceedings in quo warranto."

Fred Shearer's election and pretended incumbency of the office of councilman were a nullity, and on December 27, 1905, council had the right under Secs. 119 and 120 of the municipal code to determine this matter without notice to Fred Shearer or taking any proceedings against him, and to fill the vacancy forthwith by the election of Brandon R. Millikin.

The prayers in both the quo warranto and injunction suits above set forth will be denied and the petitions dismissed.

**Swing** and **Giffen, JJ., concur.**