8496

DARLING v. BRUNSON.

DARLING v. HOOLE.

1. OFFICE—RULE TO SHOW CAUSE.—Where serious issues of fact are involved in an issue of title to office, it should not be tried under rule to show cause under section 472 of Code, but in a regular action under section 462. When the facts are not in dispute such title may be tried under rule.

2. IBID.—THE BOARD OF HEALTH OF A CITY can elect or remove its secretary and health officer without the approval of the city council.

3. IBID.—The same person cannot hold the office of secretary of a municipal board of health and the office of health officer of the same city at the same time. When such person has accepted the two offices, the one first accepted is deemed abandoned.

Before SHIPP, J., Florence, September, 1912. Modified.

Summary proceeding by O. O. Darling against J. C. Brunson and same against A. J. Hoole. Defendant, in each case, appeals.

*Messrs. Henry E. Davis* and *D. Gordon Baker,* for appellants, cite: *Title to office should be tried by regular action:* 66 S. C. 7; 32 S. C. 5. *General denial is a perfect defense:* 44 S. C. 242; 28 S. C. 388; 37 S. C. 520; 38 S. C. 488; 31 Cyc. 302; 44 S. C. 144; 64 S. C. 395; 40 S. C. 538; 45 S. C. 390. *There is no repeal of charter of Florence by a general act:* 2 S. C. 557; 72 S. C. 532; 55 S. C. 295; 70 S. C. 63. *City council cannot delegate its authority:* 73 S. C. 81; 75 S. C. 232; 90 S. C. 5. *Court has no jurisdiction of case after it appears party has accepted two offices:* 53 S. C. 161; 32 S. C. 5; 60 S. C. 572. *Board of health has no power to combine offices:* 73 S. C. 81; 76 S. C. 67; 28 Cyc. 692. *Board of health are de facto officers:* 27 S. C. 436; 133 U. S. 21; 5 Thomp. on Corp., sec. 5800; 10 Cyc. 1135. *Accepting one office abandons one then held:* 32 S. C. 5; 60 S. C. 572.

*Messrs. R. E. Whiting* and *J. W. Hicks,* contra, cite: *Summary proceeding is proper for possession of books of office:* 60 S. C. 612; 33 S. C. 5. *Charter may be amended by general act:* 48 S. C. 395. *Petitioner entitled to only one office:* 9 S. C. 156; 54 S. C. 286. *Acts of de facto officer are valid:* 118 U. S. 425; 54 S. C. 282.

March 29, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In 1912 the respondent, J. C. Brunson, was secretary of the board of health of the city of Florence, and the respondent, A. J. Hoole, was health officer of the city. The petitioner, O. O. Darling, in his separate proceedings against the respondents, alleges that he was elected, by the board of health, health officer, on 16th July,

1912. and secretary of the board of health on 12th August, 1912, and that the respondents refuse to surrender to him the books, papers and other equipments of the office of secretary and health officer.   Under these allegations, a rule to show cause was issued against the respondents, and they first interposed demurrers on the ground that the proceeding was one to try title to office, and that such an issue could not be tried by a rule to show cause, but only by summons and complaint.

When serious issues of fact are involved, summary proceedings of this character to determine the title to public office ought not, as a general rule, to be entertained under section 472 of the Code of Procedure, for we do not think that section contemplates that disputed questions of fact as to the title to office should be determined under a rule to show cause why the books and papers of the office should not be surrendered by an incumbent to his successor.   Such issue should be brought to trial under a regular action as provided by section 462.   *State* v. *Rice*, 66 S. C. 1, 44 S. E. 80.   But where questions of law only are involved, or the issues of fact may be readily and certainly determined without the formal taking of testimony, it would be looking too much away from the substance to the form to turn the parties out of Court for the sake of having them make the very same issues in different words. This was the principle under which the Court adjudged a similar issue by mandamus in *McDonald* v. *Barnett*, 90 S. C. 400.   In the present case the demurrers admitted all the facts and raised issues of law only.   When the demurrers were overruled respondents filed returns, but the only material issue of fact raised by them is the general denial that the petitioner was elected to the office of secretary of the board of health after he had been elected health officer.

Respondents' contention that the board of health could not elect or remove its secretary and the health officer of the city without the approval of the city council is clearly unten-

14—94

able. Sections 1591 and 1592 of the Code of 1912, which provide for the election of boards of health and require them to elect a secretary and health officer, apply to "every incorporated city, town or village in the State." This must be considered to include the city of Florence, and the provisions of the special charter of the city with respect to the powers of the board of health must yield to this later statute.

On these points we agree with the Circuit Judge.

We think it quite clear, however, that the petitioner, being forbidden by the Constitution from holding two offices of honor or profit at the same time, has no right to the custody of the books and papers of both. We are aware that a number of authorities may be cited holding that constitutional provisions against holding two offices at the same time applies to State offices and not to offices of a municipality. On examination of these cases it will be found that in most of them the constitutional provisions construed uses the words State offices, or by some similar expression gives countenance to the distinction. Examination of the cases shows, further, that the distinction has involved the Courts in considerable refinement between officers performing municipal functions exclusively, and those municipal officers upon whom the law imposed some duty to the State. We do not think our Constitution allows the Court to make the distinction. Its terms are very broad. The first two sections of article II having the general title, "Right of Suffrage," are as follows: "Section 1. All elections by the people shall be by ballot, and elections shall never be held or the ballots counted in secret. Sec. 2. Every qualified elector shall be eligible to any office to be voted for, unless disqualified by age, as prescribed in this Constitution. But no person shall hold two offices of honor or profit at the same time: *Provided,* That any person holding another office may at the same time be an officer in the militia or a notary public." Under the same title, section

12 provides for the qualification and registration of the voters in municipal elections. It thus appears that the subject treated under the title is elections, including qualification of voters and eligibility to office, not only in the State but in municipalities also. We, therefore, conclude it would be restricting the meaning of the words used in the Constitution by construction beyond the judicial function, for the Court to say that the prohibition as to holding two offices is limited to State offices and does not relate to municipal offices. With just as much propriety might it be held that the requirement that all elections shall be by ballot does not apply to municipal elections.

As the petitioner could not hold two offices, the law interprets his act of accepting the second office as an abandonment of the first. Throop on Public Offices, sec. 31; Mechen on Public Offices, sec. 429; *Bishop* v. *State,* 149 Ind. 223, 48 N. E. 1038; 63 Am. St. R. 279; 39 L. R. A. 278; *State* v. *Thompson,* 122 N. C. 493, 29 S. E. 720; *State* v. *Mason,* 61 Ohio 513, 56 N. E. 468. It does not clearly appear from the pleadings which was the last office accepted by the petitioner, but that fact, if not admitted, may be readily ascertained.

It is, therefore, adjudged that the cause be remanded to the Circuit Court to ascertain whether the petitioner last accepted the office of secretary or health officer, that the petition be granted as to the office last accepted and denied as to the office first accepted, and that the judgment of the Circuit Court be modified accordingly.

Modified.