STATE EX REL. C. E. McINTOSH v. GEORGE E. LONG, W. G. BANDY, AND GEORGE E. BISANER.

(Filed 28 November, 1923.)

1. **Statutes—Education—Schools—Repeal.**

Where the Legislature has appointed a board of education of a county of three members, later increases the number to five, and provides that it shall consist of three members, but that the present incumbents hold over for the terms as appointed, the intent of the Legislature is construed to be that until the expiration of the existing terms there should be five members of the board, reduced to three as the terms of the incumbents expire.

**2. Constitutional Law—Office—Schools—Education—Counties—Boards—Elections.**

Where a county board of education consisting of five members, empowered by statute to elect a county superintendent of schools, vote three for the relator and two for the present incumbent, but one of the three has accepted the position of trustee of a graded school, and entered into the discharge of the duties thereof, he is disqualified by holding two offices, prohibited by the Constitution, and the result being a tie, the present incumbent holds over until his successor may be lawfully appointed.

**3. Same—Chairman of Board—Second Vote—Tie.**

The chairman of a county board of education may not vote as a member for a county superintendent, and also as chairman to break a tie caused by his vote.

APPEAL by relator from *Webb, J.,* at September Term, 1923, of CATAWBA.

This action is brought to try the title of the relator of the plaintiff to the office of Superintendent of Public Instruction for the county of Catawba.

This cause was presented to the judge upon the agreement that he should hear the evidence and find the facts, and from consideration of the admissions in the record, together with the findings of fact by the court itself, it was adjudged that C. E. McIntosh, the relator of the plaintiff, has not been elected, and is not entitled to hold the office of superintendent of public instruction.

The trial judge, construing chapter 175, Laws 1923, held that the Board of Education of Catawba was composed of five members; that at the time of the election of a county superintendent of public instruction, W. G. Bandy was not entitled to vote by reason of having accepted another office; that the relator of the plaintiff at said election received two votes and the defendant received two, and that the defendant, Geo. E. Long, the incumbent, was entitled to hold over until his successor had been elected and qualified. The relator, C. E. McIntosh, excepted and appealed.

*W. A. Self for relator.*
*A. A. Whitener and W. C. Feimster for defendants.*

CLARK, C. J. The General Assembly, chapter 184, Laws 1919, appointed W. G. Bandy a member of the county board of education for a period of six years, and by chapter 185, Laws 1921, appointed Geo. E. Bisaner a member of the board for a period of six years, and by chapter 175, Laws 1923, increased the number of members of the Board of Education of Catawba from three to five members by electing Oscar Sherrill and C. C. Huitt for a term of six years each, and F. T. Foard for a

term of two years. At that time W. G. Bandy had still two years to serve and Geo. E. Bisaner four years. The appointment of Sherrill, Huitt and Foard for the terms mentioned seems to indicate the intention of the Legislature that at the time of the expiration of the terms of Bandy and Bisaner the membership of the board would be reduced to three, for the first section of said chapter 175, Laws 1923, fixed the number of the Board of Education for the county of Catawba and others named therein at three, but a later provision in that chapter, *i. e.,* the proviso to section 3, provides:

"The members of the board of education heretofore appointed for the counties of Ashe, Chatham, Catawba (and others named) shall not be changed or shortened, but they shall continue for the full time named in the act or acts appointing them." The Legislature in this statute gives no indication of a repeal of chapter 184, Laws 1919, under which Bandy had been appointed, nor of chapter 185, Laws 1921, under which Bisaner had been appointed, and, on the contrary, provides that the terms of Bandy and Bisaner and others in counties named "shall not be changed or shortened and shall continue for the full time named in the act or acts appointing them." So, taking the entire chapter, we understand the Legislature to mean that Catawba is one of the counties in which the board of education shall consist of three members only, but that, until the expiration of the terms of Bandy and Bisaner, there should be five.

It was admitted by the parties that an election was held on 7 May, 1923, at a meeting of the Board of Education of Catawba County in the courthouse at Newton, at which were present W. G. Bandy, Geo. E. Bisaner, Fred T. Foard, Chas. H. Huitt, and Oscar Sherrill; that it was held as the law directs, after being duly advertised; that Geo. E. Bisaner, who had previously been elected chairman, presided, and that a ballot was taken at which Fred T. Foard and Chas. C. Huitt cast their ballots in favor of the relator, and W. G. Bandy, Oscar Sherrill, and Geo. E. Bisaner cast their ballots for the defendant Long; that the said Long, prior to said election, had been in office for a period of sixteen years as Superintendent of Public Instruction of Catawba County, and has been holding the said office since said 7 May, 1923, by virtue of his election thereto in 1921.

The court held that W. G. Bandy, by reason of his having accepted a position as trustee of the Maiden Graded School, and discharged its duties, though he had not taken the oath of office as such, had vacated his office as a member of the board of education. The court held that the vote therefore stood two to two, and that the ballot thus cast did not constitute an election of the relator as superintendent of public instruction, and that therefore he has not been elected nor is he entitled to hold

the office of Superintendent of Public Instruction for the county of Catawba, and rendered judgment that he pay the costs of this action.

It is true in this case that Geo. E. Bisaner stated that if he had understood that Bandy could not vote he would have given his casting vote as chairman in favor of Geo. E. Long; but our understanding of the law applicable to all legislative and other bodies is that while the chairman or presiding officer can, if he so elect, give a vote on any measure before him, if he does so, he cannot cast a second vote in case of a tie. Bisaner, even if he had attempted to do so, could not cast a vote to make a tie and then a second vote to give a majority. The first vote alone would be valid, as his Honor correctly held.

"In all cases where a proceeding is not of a parliamentary nature, the presiding officer, as a member, votes in the first instance like any other member, and does not give a casting vote." Cushing Legislative Assemblies (9th Ed.), sec. 310.

By a rule of the House of Representatives, adopted in 1789, it is provided: "In all cases of ballot by the House, the Speaker shall vote; in other cases he shall not be required to vote unless the House be equally divided, or unless his vote, if given to the minority, will make the division equal; and in case of such equal division, the question shall be lost." *Ib.,* sec. 312.

In bodies like the U. S. Senate and most of the state senates, where the presiding officer (the Vice-President and lieutenant-governors) is not a member, the Constitution provides that he has only a casting vote in case of a tie.

It follows that Long must hold over until by a change in the personnel of the board a majority can be cast. It was stated on the argument here that Bandy, who has doubtless relinquished the second office which disqualified him, has now been reappointed a member of the board.

The judgment of the court below is

Affirmed.