THE STATE, EX REL. TILDEN, PROS. ATTY., *v.*
HARBOURT ET AL.

(No. 124—Decided December 27, 1940.)

*Mr. Theodore Tilden, in propria persona.*

*Mr. Frank J. Dangler, Jr.,* for respondent, city of Kent.

*Mr. V. W. Filiatrault,* for respondents, Emmet C. Stopher and Stephen A. Harbourt.

*Mr. Paul Heltman,* for respondents, Helen H. Stopher and J. Paul Heltman.

PHILLIPS, J. This is an original action in *quo warranto* commenced in this court by the prosecuting attorney of Portage county on his own relation.

Disposition was made of numerous motions and demurrers before and during hearing, a recitation of which is not necessary to the determination of this case.

After alleging that the relator is the duly elected, qualified and acting prosecuting attorney of Portage county, it is charged in the amended petition that the respondents, Emmet C. Stopher and Stephen A. Harbourt, were elected councilmen of the city of Kent at the November 1939 election, and subsequently took the oath of their respective offices, which they assumed on January 1, 1940, and which they usurped and now hold without legal right for the reason that when elected they were engaged in public employment, the former as registrar and the latter as professor of biology of Kent State University, an Ohio state publicly supported institution of learning. It is further averred that by reason of these employments and the provisions of Section 4207, General Code, such respondents are disqualified to act as councilmen of the city of Kent. It is then alleged that on the 19th day of April 1940 the council of the city of Kent attempted to elect George O. Vought and Edward Francis O'Beirne to fill the vacancies created by the statutory disqualifications of Emmet C. Stopher and Stephen A. Harbourt, and on the following day the mayor of that city attempted to appoint respondents, Helen H. Stopher and J. Paul Heltman, to fill the same vacancies. It is further alleged that respondents, Max Miller, Fred Luther Kline and Joseph H. Lipscomb, were the duly elected, qualified and acting councilmen of the fourth ward and at large respectively, all of whose terms of office would have expired on January 1. 1940, if qualified electors had been elected in their stead; that the council of the city of Kent is composed of four ward councilmen and three councilmen at large;

that H. V. Ahearn is now a duly elected, qualified and acting councilman at large of that city by virtue of his re-election at the November 1939 elections; and that all of the respondents to whom reference is made claim that they are the duly elected or appointed and qualified councilmen of the city of Kent, to which offices they are entitled, by virtue of which claims all of the official acts of the council of that city are clouded, and the transaction of all legislative and financial acts of the municipality are paralyzed, all of which constitute a grave public emergency requiring the earliest possible intervention and decision of this court.

The petition closes with a prayer for the advice and judgment of this court in the matter; that respondents be required to answer and set forth by what right they exercise the duties of the office of councilmen of the city of Kent; and that this court decree which of the respondents are legally entitled to serve in these capacities.

It is conceded that respondents, Emmet C. Stopher and Stephen A. Harbourt, were legally elected, received certificates of election, took the oaths of office, furnished bond, assumed and discharged the duties of office, and are now holding their respective lawfully constituted offices, but it is urged that they are disqualified to hold and are accordingly usurping such offices for the reasons that their elective offices are incompatible with their public employment with Kent State University and violative of the provisions of Section 4207, General Code. This presents the questions whether by virtue of their employments with Kent State University they are disqualified to hold their elective offices and, if so, who are legally entitled to hold them.

Section 4207, General Code, provides:

"Councilmen at large shall have resided in their respective cities, and councilmen from wards shall have resided in their respective wards, for at least one year next preceding their election. Each member of council shall be an elector of the city, shall not hold any other public office or employment, except that of notary public or member of the state militia, and shall not be interested in any contract with the city. A member who ceases to possess any of the qualifications herein required, or removes from his ward, if elected from a ward, or from the city, if elected from the city at large, shall forthwith forfeit his office."

This section clearly prohibits one person serving two public masters, except as therein stated.

We are of the opinion that the inhibition against persons holding public office or employment is not limited to office in or employment by a municipality, but extends to all public office and employment. This is evidenced by the exception of notaries public and members of the militia. See *State, ex rel. Shank,* v. *Gard,* 19 C. D., 426, 8 C. C. (N. S.), 599.

We believe that in Ohio, with respect to city councilmen, the question as to the incompatibility of offices is not one as to whether the offices are incompatible in the light of the various definitions, for the statute provides that all public office and employment, other than that of notary public or militiaman, is incompatible with that of councilman. *State, ex rel. Baden,* v. *Gibbons,* 17 Ohio Law Abs., 341.

This court must judicially notice that Kent State University is a publicly supported state institution of learning, and the evidence discloses that respondents, Emmet C. Stopher and Stephen A. Harbourt, at the time of their elections, qualifications and assumptions of office were, and the former now is, engaged in public employment as registrar thereof, which employ-

ment, while not disqualifying them as candidates, clearly disqualified them to hold their respective elective offices, which they forfeited immediately upon assumption by failing to resign their positions with Kent State University from which moment vacancies existed in their respective offices.

"The purpose of Section 8, General Code, is to insure that all lawful incumbents of public office shall hold over and thus avoid a hiatus between the end of the term and the qualification of the newly appointed or elected incumbent. It applies to all public offices or positions of public trust, except where there is a provision in the Constitution or statute to the contrary. By its provisions, the term of the person holding the office or public trust ends as soon as the term of service of a duly elected or appointed and qualified successor begins." *State, ex rel. Bolsinger,* v. *Oridge,* 134 Ohio St., 206, 16 N. E. (2d), 334.

This narrows the issue to which two of the four— George O. Vought and Edward Francis O'Beirne, elected by council as councilmen from the fourth ward and at large, respectively, or Helen H. Stopher and J. Paul Heltman, appointed by the mayor as councilmen from the fourth ward and at large, respectively— are the duly qualified councilmen of the city of Kent and entitled to act as such.

Directing our attention to the statutory provisions for filling the discussed vacancies we find that Section 4236, General Code, states in clear and unambigous language:

"When the office of councilman becomes vacant, the vacancy shall be filled by election by council for the unexpired term. If council fail within thirty days to fill such vacancy, the mayor shall fill it by appointment."

The evidence discloses that the council of the city of Kent failed to fill those vacancies within thirty days from the date we have held these offices became vacant. Whereupon it became the duty of the mayor of that city to fill them by appointment for it is observed that the section of the General Code under discussion provides that "the mayor shall fill it by appointment," which the evidence discloses he did upon failure of council so to do.

We find from the evidence that the action of council did not take place until after the mayor had made the appointments of Helen H. Stopher and J. Paul Heltman, and that it is immaterial that, previous to the appointments by the mayor, notice had been served upon members of the council of a meeting thereafter held, the notice of the meeting not being the action of council contemplated in this section of the Code.

We find no merit in the claim of the respondents, Emmet C. Stopher and Stephen A. Harbourt, that Section 4207, General Code, is unconstitutional.

The judgment of this court is for the respondents Helen H. Stopher and J. Paul Heltman, who are found to have title to the offices of councilmen from the fourth ward and at large from the city of Kent respectively and entitled to serve as such in accordance with their appointment by the mayor of that city, and judgment is hereby rendered against all other respondent claimants.

*Judgment accordingly.*

NICHOLS, P. J., and CARTER, J., concur.