THE STATE, EX REL. SCARL, *v.* SMALL.

(No. 221—Decided October 4, 1956.)

*Messrs. Smith & DiPaolo,* for relator.
*Messrs. Filiatrault & Kane,* for respondent.

GRIFFITH, J. This is an action in quo warranto. Robert Small, the respondent, was elected to the office of councilman at large of the village of Windham at the general election held on November 5, 1955. On January 1, 1956, he entered upon the duties of such office. At that time he was employed as a teacher in the public school system of Warren.

On February 2, 1956, the mayor of the village of Windham declared the respondent, Small, to be ineligible to act as coun-

cilman for the reason of his employment as a teacher in Warren and declared the position in council vacant.

On February 3, 1956, the mayor appointed the relator, Scarl, to fill the vacancy. Scarl took the oath of office and did all things necessary to be done to qualify himself for such office and has, at all times since, been ready and willing to serve in said legislative body.

On March 26, 1956, the village council refused to recognize Scarl as a member of council and reseated the respondent, Small, who has continued since that time to serve as such councilman. The relator, thereupon, filed his petition in this action. The respondent demurs to the petition.

The sole question before us is this: Does the respondent's employment as a school teacher in the public school system of Warren render him ineligible to serve as councilman at large in the village of Windham?

Section 731.12, Revised Code, provides:

"Each member of the legislative authority of a village shall have resided in the village one year next preceding his election, and shall be an elector of the village. No member of the legislative authority shall hold any other public office except that of notary public or member of the state militia, or be interested in any contract with the village, and no such member may hold employment with said village. Any member who ceases to possess any of such qualifications or who removes from the village shall forfeit his office."

This statute became effective September 30, 1955, and controls the issue before us. The facts in the case are not in dispute. The question presented, that is to say, has the relator the right to maintain this action in quo warranto, will be answered by the proper construction of the words, "public office," as used in the above section of the Code.

This amended statute forbids a member of village council to hold "any other public office." Neither the Constitution of Ohio nor the Code define "public office."

"To constitute a public office, against the incumbent of which quo warranto will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incum-

bent, in virtue of his election or appointment to the office, thus created and defined, and not as a mere employe, subject to the direction and control of some one else." *State, ex rel. Attorney General*, v. *Jennings*, 57 Ohio St., 415, 49 N. E., 404, 63 Am. St. Rep., 723.

"An appointee, though his duties are specifically fixed by law, if such duties do not require the exercise of political or governmental functions as a part of the sovereignty of the state, but simply involve the exercise of clerical acts in recording the transactions of officers who are invested with such functions, is not such a public or county officer as contemplated by the state Constitution." *State, ex rel. Landis*, v. *Board of Commissioners of Butler County*, 95 Ohio St., 157, 115 N. E., 919.

Judge Kinkade, in the case of *State, ex rel. Reardon*, v. *McDonald* (1931), 124 Ohio St., 315, 178 N. E., 266, adopts the second paragraph of the syllabus in the *Jennings case* as being a clear and concise statement of the law as to what is a "public office." We are bound by this pronouncement.

Counsel for the relator, Robert Scarl, rely upon the first paragraph in the syllabus of the case of *State, ex rel. Tilden, Pros. Atty.*, v. *Harbourt* (1940), 70 Ohio App., 417, 46 N. E. (2d), 435, which paragraph reads as follows:

"The positions of registrar and professor in a state university are public offices within the meaning of Section 4207, General Code, which prohibits persons holding public office being members of a city council, and such persons are disqualified and forfeit the right to their elective offices when they retain their university positions after date of assumption of office in council."

Since this pronouncement was made by the Court of Appeals of this district, it was the law governing this case, and counsel was only following the pronouncement of this court in advising the mayor or the relator that the respondent was holding a public office.

In the light of the Supreme Court holdings, we are required to and do, hereby, disaffirm and repudiate the pronouncement expressed in paragraph one of the syllabus in the *Harbourt case*.

A teacher is under contract to perform duties under the control of the board of education. Robert Small, a teacher in the Warren school system, is not holding public office but is engaged under contract to perform public employment and is entitled and eligible to hold the office of councilman at large of the village of Windham.

*Demurrer sustained.*

NICHOLS, J., concurs.

PHILLIPS, P. J., concurs in the judgment except as it disaffirms and repudiates "the pronouncement expressed in paragraph one of the syllabus" of *State, ex rel. Tilden, Pros. Atty.,* v. *Harbourt,* 70 Ohio App., 417, 46 N. E. (2d), 435, with reference to the position of registrar referred to therein.