Stubbs *v.* Lee.

———•—•——

WEALTHY G. STUBBS *vs.* LYMAN LEE.

An office-holder, by accepting another office incompatible with the one held by him, thereby resigns the one first held.

Thus, one who accepts a commission as a deputy-sheriff thereby vacates that of trial justice previously held by him; the two offices being incompatible.

ON REPORT.

TRESPASS *vi et armis*, for an assault upon the plaintiff by the defendant and for an imprisonment by causing her to be committed to and detained in the county jail at Bangor for six months.

Upon the eighth day of May, 1866, the governor and council commissioned Lyman Lee as a trial justice of Piscataquis county,

and he qualified himself by taking the requisite oaths, on the twenty-ninth day of the same month. Edward Jewett, sheriff of that county, appointed Mr. Lee as one of his deputies December 22, 1868, and he was sworn in on the thirtieth day of that month ; and on the fourth day of February, 1871, he was re-appointed and took the qualifying oaths February 28, 1871.

Upon the twenty-second day of May, 1872, Leonard Howard made a complaint against Wealthy G. Stubbs to Lyman Lee, who took it in the capacity of trial justice of said county and issued his warrant thereon, upon which she was arrested and brought before him upon that day ; the cause was continued for three days, when she was tried by the defendant who ordered her to recognize to keep the peace for twelve months and to pay the costs of prosecution, which she failed to do, and he issued a mittimus upon which she was committed to the jail in Bangor (there being none in Piscataquis county) May 25, 1872, by Isaac Phillips, another deputy of the sheriff aforesaid, and remained in prison till discharged at the September term, 1872, of the supreme court for this county. A formal judgment was rendered, upon which the mittimus issued. The defendant pleaded the general issue and justified as trial justice, acting in that capacity. Being called in his own behalf, he testified that he was appointed crier to this court for Piscataquis county in 1866, and his commission was renewed every two years; that he never served any precepts or acted as a deputy sheriff, beyond serving as crier while the court was in session ; that he never gave any bond; and that there was an agreement, at the time of each appointment, between him and the sheriff that he was to serve no precept, and only to act as crier. He once took charge of a jury being sworn in the usual way for that purpose. He had frequently acted as trial justice between the date of his commission as such officer and the trial of the plaintiff.

To recover for the imprisonment aforesaid Mrs. Stubbs commenced this action August 22, 1873. If, upon the foregoing

Stubbs v. Lee.

facts, it could be maintained, it was to stand for trial; otherwise, she was to become nonsuit.

*C. A. Everett* for the plaintiff.

*Lebroke & Pratt* for the defendant, cited *Com.* v. *Kirby*, 2 Cush., 477, and argued that Mr. Lee never assumed the functions of deputy-sheriff, or attempted to perform the duties of both positions at the same time, or with reference to the same transaction.

APPLETON, C. J. The defendant, being a trial justice, was subsequently appointed and sworn as a deputy-sheriff. The question presented for determination is whether the acceptance of the last is a resignation of the first office.

The offices in question must be regarded as incompatible. "I think," remarks Bailey, J., in *The King* v. *Tizzard*, 9 B. & C., 418, "that the two offices are incompatible when the holder cannot in every instance discharge the duties of each. . . The acceptance of the second office therefore vacates the first." . . . "So a man shall lose his office, if he accepts another office incompatible; as if one be under the control of the other; as, if the remembrancer of the exchequer be made a baron of the exchequer." 5 Com. Dig., Tit, "Officer," (K., 5.) The appointment of a person to a second office, incompatible with the first, is not absolutely void ; but on his subsequently accepting the appointment and qualifying, the first office is *ipso facto* vacated. *The People* v. *Carrique*, 2 Hill, 93. A vacancy may arise in an office from an implied resignation ; as by the incumbent's accepting an incompatible office. *Van Orsdale* v. *Hazard*, 3 Hill, 243. The acceptance of the office of constable of a town by a person holding at the time the office of justice of the peace, is of itself a surrender of the latter office. *Magie* v. *Stoddard*, 25 Conn., 565. In 3 Maine, 486, this court, in their answer to the senate say, "that the office of justice of the peace is incompatible with that of sheriff, deputy-sheriff or coroner."

Where one has two incompatible offices, both cannot be retained. The public has a right to know which is held and which is surrendered. It should not be left to chance, or to the uncertain and fluctuating whim of the office-holder to determine. The general rule, therefore, that the acceptance of and qualification for an office incompatible with one then held is a resignation of the former, is one certain and reliable as well as one indispensable for the protection of the public.

The defendant having been appointed and sworn as a deputy-sheriff must be regarded as having accepted that office. By that acceptance he surrendered the office of trial justice, a judicial office incompatible with that of a deputy-sheriff. His judicial authority, therefore, as a trial justice was at an end.

*The case to stand for trial.*

DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.