STATE *ex relatione* EDWIN METCALF, Attorney General, *vs.*
FREDERICK N. GOFF.

The offices of justice of a district court and of deputy sheriff are incompatible, and cannot be held by the same person at the same time.

An office-holder accepting a second office incompatible with the first, vacates his first office.

QUO WARRANTO.

*March* 5, 1887. STINESS, J. The respondent became justice

of the District Court of the eleventh judicial district, July 1, 1886. He was appointed and qualified as a deputy sheriff in the county of Providence, July 21, 1886. The question before us is whether he vacated his office as justice of the District Court by accepting the office of deputy sheriff.

It is well settled that when a person accepts an office incompatible with one which he then holds, he thereby impliedly resigns or vacates his former office. *State* v. *Brown*, 5 R. I. 1; *Cotton* v. *Phillips*, 56 N. H. 220; *State* v. *Buttz*, 9 Rich. 156; *The People* v. *Carrique*, 2 Hill N. Y. 93; *Magie* v. *Stoddard*, 25 Conn. 565, *Stubbs* v. *Lee*, 64 Me. 195; *The People* v. *Nostrand*, 46 N. Y. 375.

We have to inquire, then, whether these two offices are incompatible. Most of the cases cited by the relator upon this point rest upon some constitutional or statutory provision. Thus in Connecticut, a statute declared that no judge or justice of the peace should hold the office of sheriff or constable. In Maine, the Constitution provided that no person belonging to either one of the three departments of the government should exercise any of the powers belonging to another. The *Opinion of the Justices*, 3 Me. 484, 486, held that the offices of justice of the peace and sheriff were incompatible because of this provision; the former office being judicial, the latter executive. In New York the Constitution prohibits a sheriff from holding any other office, and upon this rests the case of *The People* v. *Nostrand*. In Virginia and Louisiana, also, there are constitutional limitations.

In cases where the question of incompatibility of offices has arisen, independently of statutory or constitutional provision, two rules are generally recognized: *First*. That incompatibility does not depend upon the incidents of the offices, as upon physical inability to be engaged in the duties of both at the same time. For example, in *The People* v. *Green*, 5 Daly, 254, it was held that the office of member of the legislature and clerk of the Court of Special Sessions might be held by the same person, even though attendance upon one office prevented for the time being the performance of the duties of the other. This point was approved on appeal. *The People* v. *Green*, 58 N. Y. 295. These opinions contain an elaborate review of the early cases, and clearly point

out the tests by which the question of incompatibility is to be determined. So, too, in *The Commonwealth* v. *Kirby*, 2 Cush. 577, 580, the court says: "It has never been supposed that persons holding minor offices appertaining to the executive department of the government, such as deputy sheriffs, constables, or coroners, were thereby disqualified from holding seats in the legislature. The same was formerly true of the judges of the Court of Common Pleas, who frequently held the office of senator or representative while in commission as judges, and were only disqualified by the Statute of 1820, and the eighth article of the amendments of the Constitution adopted in 1821."

*Second.* The test of incompatibility is the character and relation of the offices: as where one is subordinate to the other, and subject in some degree to its revisory power; or where the functions of the two offices are inherently inconsistent and repugnant. In such cases it has uniformly been held that the same person cannot hold both offices. In *Rex* v. *Pateman*, 2 Term Rep. 777, it was declared that where a town clerk acts ministerially under the aldermen, who are judicial officers, one cannot hold both offices. Much stress is laid upon the fact that the accounts of the clerk were subject to the revision and control of the aldermen. *Rex* v. *Tizzard*, 9 B. & C. 418, is to the same effect. In *Cotton* v. *Phillips*, 56 N. H. 220, where one was chosen a member of the prudential committee and also an auditor in a school district, it was held he could not hold both offices. The court says: "If the same person could hold both offices, he would in fact sit in judgment on his own acts."

In England a sheriff's duties are ministerial, and to a limited extent, also, judicial. While these peculiar functions are recognized, in some cases, as being necessarily imposed upon the office by legislation and custom, no case upholds the propriety of exercising both the ministerial and judicial functions at the same time and in the same case. *Widow* v. *Clerke*, Cro. Eliz. 76, case 38. See, also, argument of Shepherd in *Milward* v. *Thatcher*, 2 Term Rep. 81. Under our law there is no such confusion of duties. In this State, and doubtless in this country generally, a sheriff is simply a ministerial officer. If he performs judicial duties, it is by virtue of another office voluntarily assumed. But the incon-

gruity of such offices in one person is manifest. To say nothing of the breach of dignity and propriety which would result from an attempt to perform the duties of judge and officer together, the power of a judge to pass upon the sufficiency of an officer's return, and to allow or to disallow his fees, are quite sufficient to bring these offices within the recognized rule of incompatibility, by reason of the judicial supervision of one office and the accountability of the other. Moreover, in this State an officer is required to serve any process duly tendered to him, and thus the judge of a district court might have the process of his own court tendered to him to be served, and become liable to a penalty if he did not do it. In many cases he is the complaining officer, whose complaint could only be made to himself if he were also judge, unless aided by special legislation.

In *The Commonwealth* v. *Kirby, supra,* it is held that the office of justice of the peace and constable are not incompatible. The question is only considered on the ground of constitutional provisions; the revisory relation of the offices is not at all discussed. The defendant was charged with hindering an officer. The defence was that the process was void because the justice of the peace who issued it had vacated his office by accepting the office of constable. Inasmuch as the court held the process to be good as that of a, *de facto* justice, a discussion of the relation of the two offices was probably deemed unnecessary. The court add, however: " A very different case would be presented if the defendant had attempted to exercise the two functions of a justice of the peace in issuing a warrant and of a constable in serving the same warrant."

It may be said, however, that the respondent need not, and probably will not, undertake to act in both offices at the same time; but, in the words of Ames, C. J., in *State* v. *Brown,* 5 R. I. 1, 11: " The admitted necessity of such a course is the strongest proof of the incompatibility of the two offices," and " the question of incompatibility is to be determined from the nature of the duties of the two offices, and not from a possibility or even a probability that the defendant might duly perform the duties of both."

We think the offices of justice of district court and deputy sheriff

are incompatible, and that by accepting the latter the respondent vacated the former.

The answer sets out that the respondent has recently resigned the office of deputy sheriff, but we do not see that this fact affects the case. If the office of justice became vacant the respondent could not put himself back into it by his own act. The vacancy can only be filled in the way provided by law.

*Judgment of ouster.*

*Charles E. Gorman & J. Osfield, Jun.,* for relator.

*Frederick N. Goff,* respondent, *pro se ipso.*