THE STATE OF IOWA, ON THE RELATION OF M. CRAWFORD, Appellant, v. J. E. ANDERSON.

**Officers:** ACCEPTANCE OF SECOND OFFICE: INCOMPATIBILITY. If a person, while holding a public office, accepts another incompatible with the first he thereby vacates the first office; and in determining the question of incompatibility inherent inconsistency in the nature and duties of the two offices, when considered in the light of public policy, is of controlling importance, rather than physical inability to discharge the duties of both offices at the same time.

**Same:** MAYOR AND JUSTICE OF THE PEACE. The statutes of this state contemplate three judical officers in each township embracing an incorporated city or town, two justices of the peace and a mayor who, in a large measure have concurrent jurisdiction, so that the duties of a mayor and justice are incompatible, when viewed in the light of public policy as expressed in the statutes creating the offices and defining the powers and duties of each.

*Appeal from Winnebago District Court.*—HON. J. F. CLYDE, Judge.

WEDNESDAY, MAY 8, 1912.

THE facts are stated in the opinion.—*Reversed* and *remanded.*

*George Cosson,* Attorney General, and *L. A. Jensen,* County Attorney, and *N. J. Lee,* Special Counsel, for appellant.

No appearance for appellee.

SHERWIN, J.—This is an action in quo warranto to test the right of the defendant to hold the office of mayor

of Forest City, Iowa. The facts upon which the action is based are briefly these: Defendant was elected mayor in March, 1910. He duly qualified for and discharged the duties of the office. In November, 1910, he was elected to the office of justice of the peace in and for Forest township, and qualified and entered upon the duties of said office. The incorporated town of Forest City lies within the territorial limits of Forest township, but is not co-extensive therewith. In his answer the defendant admitted the facts stated, and further admitted that at that time he was acting as mayor and justice of the peace and discharging the duties of both offices. A demurrer to the answer was overruled, and, the state electing to stand upon its demurrer, the petition was dismissed, and the state appeals.

It is conceded by appellant that there are no constitutional or statutory provisions violated in holding both of these offices at the same time. But it is contended that the two offices are incompatible, and that it is contrary to public policy to permit one person to exercise the functions of both.

In *Bryan v. Cattell*, 15 Iowa, 538, this court held that, in determining whether a vacancy exists in an office, we are not confined to statutory causes, but may declare it vacant if it is incompatible with the office held. It is a well-settled rule of common law that if a person, while occupying one office accept another incompatible with the first, he *ipso facto* vacates the first office, "and his title thereto is thereby terminated without any other act or proceeding." *Magie v. Stoddard*, 25 Conn. 565 (68 Am. Dec. 375); *People v. Hanifan*, 96 Ill. 420; *Bishop v. State*, 149 Ind. 223 (48 N. E. 1038, 39 L. R. A. 278, 63 Am. St. Rep. 270); *Stubbs v. Lee*, 64 Me. 195 (18 Am. Rep. 251); *Attorney General v. Common Council of Detroit*,

1. OFFICERS: acceptance of second office: incompatibility.

112 Mich. 145 (70 N. W. 450, 37 L. R. A. 211); *Bryan v. Cattell, supra,* and many other cases.

The principal difficulty that has confronted the courts in cases of this kind has been to determine what constitutes incompatibility of offices, and the consensus of judicial opinion seems to be that the question must be determined largely from a consideration of the duties of each, having, in so doing, a due regard for the public interest. It is generally said that incompatibility does not depend upon the incidents of the office, as upon physical inability to be engaged in the duties of both at the same time. *Bryan v. Cattell, supra.* But that the test of incompatibility is whether there is an inconsistency in the functions of the two, as where one is subordinate to the other "and subject in some degree to its revisory power," or where the duties of the two offices "are inherently inconsistent and repugnant." *State v. Bus,* 135 Mo. 338 (36 S. W. 639, 33 L. R. A. 616); *Attorney General v. Common Council of Detroit, supra; State v. Goff,* 15 R. I. 505 (9 Atl. 226, 2 Am. St. Rep. 921). A still different definition has been adopted by several courts. It is held that incompatibility in office exists "where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for an incumbent to retain both." *Bryan v. Cattell, supra; Stubbs v. Lee, supra; State v. Feibleman,* 28 Ark. 424; *People v. Green,* 58 N. Y. 304; *State v. Jones,* 130 Wis. 572 (110 N. W. 431, 8 L. R. A. (N. S.) 1107, 118 Am. St. Rep. 1042, 10 Ann. Cas. 696); Mechem, Public Officers, section 420. In *State v. Jones, supra,* the offices of county judge and justice of the peace were held to be incompatible, upon the ground that preliminary examinations in criminal prosecutions might be held before either, and the occupancy of both offices by one person would reduce the number of judicial officers having such jurisdiction. This decision was based on *State ex rel. Knox v. Hadley,* 7 Wis. 700, in which the decision was evidently

based upon the ground of public policy. In 2 Ann. Cas., in the note on page 380, will be found a long list of cases in which offices have been held incompatible.

The statute (Code, section 1073) provides that two justices of the peace shall be elected for each township in the county. Section 691 gives the mayor of an incorporated town or city, in criminal matters, the jurisdic-

2. SAME: Mayor and Justice of the peace.

tion of a justice of the peace, coextensive with the county, and in civil cases, the same jurisdiction within the city or town as a justice of ,the peace has within the township. The statute therefore provides for three magistrates within every township which embraces an incorporated town or city, giving them concurrent jurisdiction in all criminal matters, except for the violation of an ordinance of such town, or city, and in civil cases, concurrent jurisdiction in the city or town. Section 692 provides that the proceedings before a mayor, as far as applicable, shall be in accordance with the law regulating similar proceedings before a justice of the peace, except in prosecutions under ordinances. Under Code, sections 5097 and 5098 a mayor of a town or city is a magistrate with power to hear complaints, or preliminary information, issue warrants, and discharge other duties therein enumerated. It is apparent from these several provisions of the law that the law-making power considered it for the public good and convenience to have three judicial officers in every township containing within its geographical limits an incorporated city, or town, and that in criminal prosecutions under the statute, these officers should have the same jurisdiction. And if this be true, can this plain purpose be thwarted by permitting one man to hold two of these offices? We think not, because the two offices are, in our judgment, incompatible when viewed in the light of the public policy expressed in the statutes creating them and defining their powers and duties. To hold otherwise would be to say that, in certain instances, there should be

but two magistrates in the township, and it would then follow that other provisions of the statute would become wholly without force or effect. Thus, in both civil and criminal cases, with the exception already noted, a change of venue may be taken from the mayor (sections 692, 5217, 5585), and in criminal cases, where a preliminary examination is being had, section 5217 provides that the case must be sent to the nearest magistrate in the township if there be one. There is no qualification to this provision, and if the other justice of the peace lived outside of the incorporated town, the statute could not be complied with, because the nearest justice would be the magistrate from whom it was sought to take the change. The same result would, or at least might, be necessary under the provision of section 5586, which says that, in case of change of place of trial, the case shall be sent to the next nearest justice in the township, unless he has been an attorney in the action, or is a relative of one of the parties, or a party to the action. Denial of these legal rights should not be made possible by permitting one man to hold these two offices at one and the same time.

The judgment of the district court is therefore reversed, and the case remanded for proceedings in harmony with this opinion.—*Reversed* and *remanded*.