STATE OF IOWA ex rel. FRED P. BANKER, Appellee, v. GLENN BOBST, Appellant.

MARCH 6, 1928.

*J. J. Sharpe*, for appellant.

*F. J. McGreevy*, for appellee.

KINDIG, J.—Washington Township, in Franklin County, is co-extensive in territorial limits with the city of Hampton. At the general election in November, 1926, defendant appellant was duly elected constable of the township, and qualified as such on or about the third of January, 1927. Afterwards, the appellant was reappointed marshal of said city, and qualified according to law. The district court determined that the "office of constable" was vacated by appellant's acceptance of the "office" of marshal. Two objections to this ruling are made by appellant, and will now be considered in their order.

I. It is said that the court below committed error in permitting the appellee, Fred P. Banker, to commence this action. In his application for such authorization, the relator stated,  among other legal and statutory requirements, facts to show that he had an interest in the premises. Collateral attack was made on the court's ruling extending this right, which, according to our previous decisions, cannot be done. *State ex rel. West v. City of Des Moines*, 96 Iowa 521; *State ex rel. Harmis v. Alexander*, 129 Iowa 538; *State v. Des Moines C. R. Co.*, 135 Iowa 694. We said, in *State ex rel. Harmis v. Alexander*, supra:

"Leave of court was granted relator to bring action [in quo warranto], and such order is not subject to collateral attack."

II. Principal claim for reversal is predicated by appellant upon the proposition that the "offices" of marshal and constable are not incompatible. Basis for this position is founded  very largely upon the argument that there is no constitutional or statutory prohibition, and that no inconsistency prevents the dual holding; for it is said by appellant the two "offices" are similar in their duties, that the one does not interfere with nor is it subordinate to the other, and therefore considerations of public policy are not concerned. On the other hand, appellee insists that the principles announced in *State ex rel. Crawford v. Anderson*, 155 Iowa 271, are controlling here.

Under review in *State ex rel. Crawford v. Anderson*, supra, was the question relating to the "incompatibility" of the duties

devolving upon a mayor and justice of the peace. During the discussion in that case, we said:

"It is well-settled rule of common law that, if a person, while occupying one office, accepts another incompatible with the first, he *ipso facto* vacates the first office, 'and his title thereto is thereby terminated without any other act or proceeding.' * * * The principal difficulty that has confronted the courts in cases of this kind has been to determine what constitutes incompatibility of offices; and the consensus of judicial opinion seems to be that the question must be determined largely from a consideration of the duties of each, having, in so doing, a due regard for the public interest. It is generally said that incompatibility does not depend upon the incidents of the office, as upon physical inability to be engaged in the duties of both at the same time. * * * But that the test of incompatibility is whether there is an inconsistency in the functions of the two, as where one is subordinate to the other, 'and subject in some degree to its revisory power,' or where the duties of the two offices 'are inherently inconsistent and repugnant.' * * * A still different definition has been adopted by several courts. It is held that incompatibility in office exists *'where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for an incumbent to retain both.'* " (The italics are ours.)

Referring further to our authorities, it is found in *Bryan v. Cattell,* 15 Iowa 538, that the "offices" of district attorney and captain in the volunteer service during the Civil War were held not "incompatible." Manifestly, however, there is a distinction between a situation where a man, on the one hand, holding a civil "office" temporarily leaves its jurisdiction for the purpose of performing military service for his country, or otherwise absents himself during a short period, for justifiable or permissible reasons, and a predicament on the other in which one finds himself when attempting to fill simultaneously the "offices" of constable and city marshal.

Generally speaking, the duties of constable and marshal are set forth in the following sections of the 1924 Code, respectively:

"Section 10629. Constables are ministerial officers of justices of the peace, and shall serve all warrants, notices, or other process directed to them by and from any lawful authority, and

perform all other duties now or hereafter required of them by law.''

''Section 5657. The marshal shall be *ex officio* chief of police and may appoint one or more deputy marshals, who may perform his duties, and who, in cities of the first class, shall be members of the police force. He shall have the supervision and general direction of the police force, and shall be the ministerial officer of the corporation. He shall attend upon the sittings of the mayor's and police court, execute within the county and return all writs and other process directed to him from the mayor's and police court, suppress all riots, disturbances, and breaches of the peace, arrest all disorderly persons in the city or town and all persons committing any offense against the ordinances thereof, and forthwith bring such persons before the proper court for examination or trial. He shall pursue and arrest any person fleeing from justice, and shall diligently enforce all laws, ordinances, and regulations for the preservation of the public welfare and good order, and shall have the same powers and duties as constables in similar cases.''

When speaking of the mayor and justice of the peace in *State ex rel. Crawford v. Anderson,* supra, this court declared that said two ''offices'' are ''incompatible when viewed in the light of the public policy expressed in the statutes creating them and defining their powers and duties.'' That being true, it seems logical and necessary to say that the ''ministerial officers'' of these respective courts must, as well as the judges thereof, be inconsistent and ''incompatible.'' If the justice court or mayor's court cannot completely function in the way contemplated by the legislature when one man holds both positions, then such court could not perform its full duty if its ''ministerial officer'' is engaged in the dual capacity of performing his obligations, not only to the one ''court,'' but to the other, as well.

Gathering its ideas from the early forms of government in America, this state adopted the township and city systems as separate and distinct jurisdictions for the administration of justice and the preservation of peace. Whether right or wrong, needing change or maintenance, it is still part of our governmental form, as enacted into written law; and therefore the legislature, and not the courts, must bring about a new scheme of dispensing justice and protecting the people against wrong-

doers, if any is to be adopted. Within the purview of the legislative purpose under the enactments referred to is a city marshal, in addition to two constables. This makes possible three conservators of the peace within the boundaries of their respective jurisdictions. Less than three was not contemplated. Moreover, it is part of the theory that each court should have an officer immediately at its command all the time. Thus there must be two constables, because there are two justice courts in each township, and also a marshal is required to perform the duties devolving upon him in waiting upon the mayor. To do otherwise would amount to an alteration of the general plan. Even more, such procedure would cause the neglect of one for the service of the other. Perhaps at the same moment civil writs (in attachment, replevin, or otherwise) or criminal warrants from both courts would demand service at the identical time. Answer to this proposition does not exist in the assertion that, under the authorities cited, mere physical absence does not create the "incompatibility." As a matter of fact, bodily the appellant in this instance is present within the city and township, but he cannot serve the justice court, because he also owes allegiance to the mayor's court.

Permission for him to do this means minimization of the public service, abrogation of the statutory requirements, and departure from our original governmental forms. Public policy, and not physical absence, causes the "incompatibility," and the judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, MORLING, and WAGNER, JJ., concur.

EVANS, J., not participating.