

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Hon. Shelburne H. Glover
County Attorney
Jefferson, Texas

Dear Sir:

Opinion No. O-1263
Re: Can a deputy sheriff also hold a
commission as special Ranger?

Your letter of August 26, 1939, asking whether or
not it would be a violation of the constitutional provisions
for a deputy sheriff to ask for and receive a special Ranger's
commission, received.

You have correctly quoted Article 16, Section 40
of the Constitution, which provides that no person shall
hold or exercise at the same time more than one civil of-
fice of emolument, with certain exceptions not now involved.

This constitutional provision, however, has no
application since a special Ranger, under the statutes, can-
not draw any compensation, and therefore the deputy sheriff
accepting a commission as special Ranger would not violate
this constitutional inhibition.

Article 6865, et seq., Revised Statutes, provide
for the election of a sheriff and prescribe his qualifica-
tions and duties, and provide that the sheriff may appoint
deputies who shall have the same powers, duties and respon-
sibilities as the sheriff.

Article 4413 (11), Subdivision 5, provides for
the appointment of "Special Rangers" by the Public Safety
Commission, and provides that such Special Rangers shall
at all times be subject to the orders of the Commission
and the Governor for special duty to the same extent as
the other law enforcing officers provided for in said Art-
icle. It provides that the Special Rangers shall not be
entitled to draw any compensation and shall have no auth-
ority to enforce any law except those designed to protect
life and property.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Shelburne H. Clover, Page 2.


A deputy sheriff is subject to the orders of the sheriff, and is required to enforce the laws within the particular county wherein he is appointed. He necessarily owes his allegiance to the sheriff of said county and to the citizens of said county, as a law enforcing officer. A Special Ranger is subject to the orders of the Department of Public Safety and of the Governor. It is easy to contemplate that at times there might be a conflict between these respective departments of government. If the Department of Public Safety should want the Special Ranger to do a certain act in a certain way within the county where he serves as deputy sheriff, and the sheriff should desire it done in a different manner, the authority of the two would conflict.

Again, if the Department of Public Safety should desire the services of the Special Ranger for some other part of the State and the sheriff needed him in the county where he served as deputy sheriff, there would be a conflict of authority. This being true, the two offices are incompatible, and no person should hold both of them at the same time. It is very true that no one can "serve two masters."

In Thomas vs. Abernathy County Line Independent School District, 290 S.W. 152, our Supreme Court held that a person could not hold the office of school trustee and at the same time be an alderman in the city, neither of which places paid any salary, and used the following language:

"In our opinion the offices of school trustee and alderman are incompatible; for, under our system there are in the city council or board of alderman various directory or supervisory powers exertable in respect to school property located within the city or town, and in respect to the duties of school trustee performable within its limits--e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies in many important respects would be subject to direction of the council or aldermen instead of that of the trustees."

A sheriff is required to execute a bond for the faithful performance of his official duties whether same are performed by him or by his deputy. A Special Ranger is required under the statutes to make a bond. It might be a difficult task to determine whether the officer was acting as a deputy sheriff or as a special ranger, if he was serving in both capacities.

In State vs. Anderson, 155 Iowa 271, 136 N. W. 128, the Supreme Court of Iowa held that a person could not act as mayor and justice of the peace at the same time, and in said opinion used this language:

"It is a well settled rule of common law that if a person, while occupying one office, accepts another incompatible with the first, he ipso facto vacates the first office, and his title thereto is thereby terminated without any other act or proceeding... It is held that incompatibility in office exists where the nature and duties of the two offices are such as to render it improper from considerations of public policy for an incumbent to retain both."

In State ex rel. Banker vs. Bobst, 218 N.W. 253, the Supreme Court of Iowa held that a party could not hold the office of constable and marshal at one and the same time. After quoting the provision of the statute which provided for two constables within certain precincts, and provided for a city marshal in certain towns, the court used this language:

"Thus there must be two constables because there are two justice courts in each township, and also a marshal is required to perform the duties devolving upon him in waiting upon the mayor. To do otherwise would amount to an alteration of the general plan. Even more, such procedure would cause the neglect of one for the service of the other. Perhaps at the same moment civil writs (in attachment, replevin, or otherwise) or criminal warrants from both courts would demand service at the identical time. Answer to this proposition does not exist in the assertion that under the authorities cited mere physical absence does not create the 'incompatibility'. As a matter of fact, bodily the appellant in this instance is present within the city and township,

Hon. Shelburne H. Glover, Page 4.

but he cannot serve the justice court, because he owes allegiance to the mayor's court.

"Permission for him to do this means minimization of the public service, abrogation of the statutory requirements, and departure from our original governmental form. Public policy, and not physical absence, causes the 'incompatibility'".

We therefore hold that a party cannot hold the office of deputy sheriff and "Special Ranger" at the same time.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George W. Barcus
Assistant

GWB:pbp

APPROVED SEP 11, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

