STATE EX REL. J. WILLIAM PURTILL v. RAYMOND H. FRIEL

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 75820

Memorandum filed August 1, 1946.

*Walter F. Foley,* of Glastonbury, for the Plaintiff.
*William Wholean,* of Hartford, for the Defendant.

SHEA, J.  This is an action in the nature of quo warranto to determine whether or not the respondent has the right to hold office as a member of the board of finance in the town of Glastonbury.

The respondent is deputy judge of the Town Court of Glastonbury by virtue of his appointment to that office by the 1945 session of the General Assembly.  At the annual town meeting of the town of Glastonbury, held in October, 1945, the respondent was elected a member of the board of finance, to hold office for a term of six years.  The respondent became the nominee for this latter office as the result of a contest with the relator in a caucus of the Democratic party held in the town of Glastonbury in September, 1945.

Section 82h of the 1945 Supplement to the General Statutes provides that the board of finance shall be composed of electors and taxpayers of the town who shall hold no salaried town office unless otherwise provided by special act.  The relator claims that the respondent is not entitled to hold office as a member of the board of finance because the respondent holds a salaried town office.

The Town Court of Glastonbury was established by special act of the General Assembly in 1929.  Under this act the court has jurisdiction of all crimes and misdemeanors committed within said town and of all violations of by-laws and regulations of said town.  The court is a police court and the judge thereof has the powers conferred by law upon police courts within its jurisdiction.  The court also has civil jurisdiction of certain causes.  The judge and deputy judge of the court are appointed by the General Assembly and are required to take the oath provided by law for judicial officers and hold office for two years from the first day of July next following their appointment.  The deputy judge acts as the judge of said court in the absence, disqualification, or inability of the judge, or at the request of the judge.  The judge of the court receives a stipulated salary per annum and the deputy judge receives $5 for each day he shall conduct the trial of causes in said court.  The salaries and compensation provided for under the law are paid monthly from the treasury of the town under the order of the judge of the court.  The judge has authority to provide, for the use of the court, such record books, blanks, stationery, and suitable means and accommodations for the safekeeping of the files and

records of the court as he shall deem reasonable and the expense thereof is paid by the town on an order drawn by the judge upon the treasurer of the town.

Article fifth of the constitution of Connecticut provides that the judicial power of the state shall be vested in a Supreme Court of Errors, a Superior Court, and such inferior Courts as the General Assembly shall, from time to time, ordain and establish, the powers and jurisdiction of which courts shall be governed by law. Our constitution is construed as a grant and not as a limitation of power. *Bridgeport Public Library & Reading Room* v. *Burroughs Home*, 85 Conn. 309, 319. The purpose of article fifth of the constitution is the creation of a judicial system which, when established, shall administer the judicial power of the state. The term "inferior Courts" includes the town, borough, city and police courts. *Alcorn* v. *Fellows,* 102 Conn. 22, 30.

The Town Court of Glastonbury was established by the General Assembly under authority of the constitution of this state. The court is a part of the judicial system of this state and the officers of that court are state officers. The power and authority of these officers emanates from the constitution. *Brown* v. *O'Connell*, 36 Conn. 432, 446. A popular but mistaken impression prevails to some extent that all civil officers whose duties embrace municipal laws, ordinances and regulations are purely local or municipal in their character and have no general relation to the body politic of the state. It must be borne in mind that there is a legal distinction between state officers, that is, officers whose duties concern the state at large and the general public, although exercised within defined limits, and municipal officers strictly, whose functions relate exclusively to the particular municipality. *Dillon, Municipal Corporations* (4th Ed.) § 58; *McQuillin, Municipal Corporations* (2nd Ed.) § 200. " 'The administration of justice, the preservation of the public peace and the like, although confined to local agencies, are essentially matters of public concern, while the enforcement of municipal by-laws proper, the establishment of gas works, of water works, the construction of sewers and the like, are matters which pertain to the municipality as distinguished from the State at large'." *People* v. *Curley,* 5 Colo. 412, 419. The preservation of the peace has always been regarded as one of the most important prerogatives of the state. It is not the peace of the city or the town but the peace of the

state that is violated by crimes and disorders. Prosecution of these offenses is on behalf of the state. The trial is before a tribunal created and regulated by the state. No municipality in this state is allowed to determine for itself what courts should be created within it, or to regulate their jurisdiction. The power to organize courts and to appoint judges is conferred by special mandatory provisions of the constitution requiring direct action by the General Assembly and those powers cannot be delegated. *Brown* v. *O'Connell,* supra, 448. Our constitution confides the judicial power to no court but to those organized under its provisions. The whole judicial power is governed by the constitution and it cannot be lodged elsewhere except as authorized by that document.

A state officer may be connected with some of the municipal functions, but he derives his power from a state statute and he executes it in obedience to state law. Although the jurisdiction of the officer may be coextensive with the limits of the municipality, if he fills an office that is governmental rather than municipal, if he serves the public generally, and not merely the local corporation or the inhabitants thereof, he is properly controlled by the state and is considered a state official. McQuillin Op. Cit. § 200. Applying these principles, the officers of the Town Court of Glastonbury are state officers. They are not officers of the town.

The relator makes the further claim that membership on the board of finance is incompatible with the office of deputy judge of the court.

The members of the board of finance receive no compensation for their services. The board of finance is authorized by law to submit to the annual town meeting, after public meeting and hearing, estimates with the board's recommendation of specific appropriations of money to be expended by the town. The board of finance also lays such tax as shall be sufficient to pay the expenses of the town, after the compilation of their grand list. The relator argues that the respondent, as a member of the board of finance, has the regulation of his own compensation as deputy judge of the court.

"Incompatibility which at common law operates to vacate one office by reason of incumbency of another exists when the character and nature of the office or their relation to each other are such that they ought not to be held by the same person because of 'the contrariety and antagonism which would result

in the attempt by one person to faithfully and impartially discharge the duties of one, toward the incumbent of the other.' . . . Incompatibility is apparent when the holder of one office is subordinate to or has supervision over the other, or has the power of appointment, removal, or punishment of that other, or the audit of his accounts, or the regulation of his compensation." *State ex rel. Schenck* v. *Barrett,* 121 Conn. 237, 242, 243.

The compensation of the deputy judge of the Town Court of Glastonbury, as well as the manner in which it shall be paid, is provided under the act establishing the court. The board of finance has no control over that compensation or the manner of its payment. While the estimate of the expenditures for the maintenance of the court is submitted by the board of finance to the town meeting, the board of finance does not and never has attempted to fix or limit the amount of these expenditures. It is without power to do so. The board does not have supervision over the court or its personnel, nor does it have the power to appoint, remove, or punish the officers of the court. It follows, therefore, that membership on the board of finance is not incompatible with the office of deputy judge in the Town Court of Glastonbury.

Enter judgment for the respondent.