State of Iowa ex rel. Richard C. LeBuhn, appellee, v. J. Brown White a/k/a Joseph B. White and Dr. J. B. White, individually and as a member of the Board of Directors of Davenport Community School District of Scott County, appellant.

No. 51626.

(Reported in 133 N.W.2d 903)

MARCH 9, 1965.

William T. Evans, of Davenport, for appellant.

Doerr, Dower & Rehling, of Davenport, for appellee.

STUART, J.—Two related questions are involved on this appeal. May a person serve as a member of a local school board and the county board of education at the same time? If not, in which office does the vacancy occur?

Plaintiff proceeded under rule 300, Rules of Civil Procedure, to obtain leave of court to file this quo warranto action. The petition alleged defendant was elected to the Board of Directors of the Davenport Community School District in Scott County. He qualified for the three-year term on September 18, 1961. On September 9, 1963, he was elected as the member at large of the

608

Board of Education for Scott County and qualified for that position on October 7, 1963. He assumed the duties of both offices. Plaintiff further alleged the duties of the two offices as prescribed by statute are incompatible and that it is contrary to public policy for one person to hold them both concurrently.

In response to a ruling on a motion for more specific statement, plaintiff amended his petition to set out the Code sections which he claimed made the offices incompatible. The court overruled defendant's motion to dismiss and entered judgment in favor of plaintiff on the pleadings and declared a vacancy on the Board of Directors of the Davenport Community School District. Defendant appealed and plaintiff filed a cross-appeal on the ground that the trial court should have declared the vacancy to be in the position on the Scott County Board of Education.

I. Defendant's first three propositions challenge the sufficiency of the allegations in plaintiff's petition. He claims he was entitled to know in what particulars the offices were incompatible and that the quotation of Code sections in the amendment was merely surplusage. We do not agree. It is true under rule 94, R. C. P., the courts take judicial notice of Iowa statutes without reference to them in pleading. Here the offices are created and the duties defined by statute. Plaintiff relies upon the statutes to show the incompatibility of the offices. He could have paraphrased the statutes or condensed them into his own words to allege incompatibility, but chose to set them out in full. This does not make the pleading defective and as a matter of fact furnishes defendant with more definite information than he would have received otherwise. Defendant concedes it narrowed his search of the Code.

II. Defendant's answer admitted all the allegations of the petition except that he denied the duties of the two offices are incompatible and further denied it is contrary to public policy to hold them both at the same time. He claims this denial made a fact issue and he should have been permitted to introduce evidence in support of his denial. The duties are defined by statute and as the trial court said: "It is not a question of how the school laws are being applied, but rather what duties are imposed by the statutes, and whether the powers and duties of the two boards

are incompatible." For that reason we hold it to be a legal question properly determined in a motion for judgment on the pleadings.

III. There is no constitutional or statutory provision which prohibits defendant from holding the two offices in question at the same time. The case therefore turns on the well settled common-law rule: "If a person while occupying one office accept another incompatible with the first, he *ipso facto* vacates the first office, 'and his title thereto is thereby terminated without any other act or proceeding'." State ex rel. Crawford; v. Anderson, 155 Iowa 271, 272, 136 N.W. 128, Ann. Cas. 1915A 523; Bryan v. Cattell, 15 Iowa 538, 550.

"The principal difficulty that has confronted the courts in cases of this kind has been to determine what constitutes incompatibility of offices, and the consensus of judicial opinion seems to be that the question must be determined largely from a consideration of the duties of each, having, in so doing, a due regard for the public interest. It is generally said that incompatibility does not depend upon the incidents of the office, as upon physical inability to be engaged in the duties of both at the same time. Bryan v. Cattell, supra. But that the test of incompatibility is whether there is an inconsistency in the functions of the two, as where one is subordinate to the other 'and subject in some degree to its revisory power', or where the duties of the two offices 'are inherently inconsistent and repugnant.' State v. Bus, 135 Mo. 338 (36 S.W. 639, 33 L. R. A. 616); Attorney General v. Common Council of Detroit, supra; State v. Goff, 15 R. I. 505 (9 Atl. 226, 2 Am. St. Rep. 921). A still different definition has been adopted by several courts. It is held that incompatibility in office exists 'where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for an incumbent to retain both.' " State ex rel. Crawford v. Anderson, 155 Iowa 271, 273, 136 N.W. 128.

Similar language is contained in 42 Am. Jur., Public Officers, section 70, pages 935, 936.

The trial court examined the pertinent statutes and analyzed them as follows:

610·

■ "It is obvious that the curriculum of a school, the instruction in the schools, the transportation of pupils to school where required by law, the union or merger of school districts, the changing or adjusting of boundary lines of contiguous school corporations are important matters which are the concern of the board of directors of a community school district. The action of the board of such school district, however, in said matters is subject to review by the county board. Section 273.13, par. 3, makes it a specific duty of the county board to approve the curriculum of the county school system in conformity with the course of study prescribed by the State Department of Public Instruction; Section 273.18, par. 7, makes it the duty of and grants the power to the county superintendent, under the direction of the county board, to supervise or arrange for supervision of instruction in the schools of the county school system; Section 273.13, par. 7, and Section 285.9 make it the specific duty of the county board to enforce all laws, rules and regulations of the Department of Public Instruction for the transportation of pupils to and from public schools in all school districts of the county, and if the community district board fails to arrange for such transportation, the county board may do so and the service provided must be paid for by the community board. Section 285.12 makes the county board an appellate body over disagreements between a school patron and the community board as to matters of transportation; and Section 290.1 makes the county superintendent, a person appointed by the county board for a three-year term (and subject to not being reappointed at the end of that period), the appeal body for persons aggrieved by any decision or order of the community board.

·"Section 274.37 makes any action of the board of directors of contiguous school corporations changing boundary lines subject to the approval of the county board; and Sections 274.42, 274.43 and 274.44 give the county board power to adjust boundary lines between districts under certain circumstances, and its decision is final. Section 274.46 gives the county board the power to determine matters of reimbursement for loss of taxes caused by adjustment of boundary lines provided for in Section 274.42.

"It thus appears that in many important matters the com-

munity school board is subordinate to the county board and subject to its revisory power in some degree."

We hold these statutes show that a definite and clear incompatibility exists between the duties and powers of a local school board and a county board of education and it is contrary to public policy for one person to hold the offices concurrently.

IV. Appellant cites Thie v. Cordell, 199 Iowa 709, 202 N.W. 532, to support his contention there is no common-law rule against concurrent holding of offices, one of which has revisory or appellate power over the other. There it was held a county superintendent sitting ex officio as a member of the county board of education was entitled to vote on an appeal to the board from his decision as county superintendent. We do not think the cases are analogous. The statutes involved there made the county superintendent by virtue of that office a member of the county board and gave the board authority to review the decision of the superintendent. Members of the board directly interested were disqualified by statute but there was no bar to a vote by the superintendent. We said on page 713 of 199 Iowa:

"In this perfectly obvious situation, the legislature has seen fit to provide, not for his disqualification by reason of his having rendered the decision appealed from, but only for the disqualification of a member of the board who lives or owns property in the district; and must be deemed to have intended that the county superintendent should participate, as a member of the board, in the review of his own decisions on appeal, and to have contemplated the possibility that his might be the deciding vote."

The court there determined the legislature intended the superintendent to have a vote as he was made a member of the board and not disqualified. The legislature could provide that one person could serve on both boards here if it so desires, but in the absence of a statute expressing such intention the common-law rule of incompatibility must be applied.

V. Defendant seeks to make a distinction between the conflict in the powers and duties of the boards as such and the powers and duties of the individual members of such boards. We cannot follow his reasoning. A board can only act through the consensus of its members and it is the board rather than its indi-

vidual members which is given the power and duties. Defendant asks if it can be said a member who is absent, does not vote or votes in the minority is exercising a power of the board. Such a situation most graphically shows the incompatibility of the two offices. Suppose a member of both boards voted in the minority on a local board action. On appeal he secured support of other members to reverse the action of his local board. He would then have been able to overcome the will of the majority of his local board by virtue of his second office. If the duties of the boards of which an individual is a member are incompatible, his membership on such boards is also incompatible.

VI. Appellee on his cross-appeal concedes Iowa has thus far followed the general rule that when a person accepts appointment to a second office he vacates or by implication resigns the first. Bryan v. Cattell, 15 Iowa 538; State ex. rel. Crawford v. Anderson, 155 Iowa 271, 136 N.W. 128, Ann. Cas. 1915A 523; State ex rel. Banker v. Bobst, 205 Iowa 608, 218 N.W. 253; see also note 100 A. L. R. 1164. However, he vigorously urges that we recognize an exception in this case because section 277.24 of the Code provides for members of local school boards to serve "for the term for which elected and until their successors are elected or appointed and qualified" and that even though one resigns an office he continues in office until his successor qualifies. Authorities holding the vacancy occurs in the second office under statutes are cited. Badger v. United States ex rel. Bolles, 93 U. S. 599, 23 L. Ed. 991; State ex rel. Wheeler v. Nobles, 109 Wis. 202, 85 N.W. 367; People ex rel. Illinois Midland Ry. Co. v. Supervisor, 100 Ill. 332; Jones v. City of Jefferson, 66 Tex. 576, 1 S.W. 903; The Courts and the Public Schools, pages 121, 122. See also note 100 A. L. R. 1179.

We have, however, held a member of a school board can resign his office and create a vacancy in spite of such statutory provision. Board of Directors v. Blakesley, 240 Iowa 910, 36 N.W.2d 751. As the acceptance of the second office by implication is a resignation of the first, it appears that we should not apply the exception in Iowa.

This is an area of the law in which it is more important for the rule to be settled and the public to know the effect of the

acceptance of a second office, than for exceptions to be engrafted onto the general rule. No such injustices or inequities result from the application of the general rule to require a court of equity to search its conscience before applying it.—Affirmed.

All JUSTICES concur.